1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9

STEVE MACIAS,                                        CASE NO. 1:10-cv-00235-SKO PC

10                       Plaintiff,                  ORDER DISMISSING COMPLAINT, WITH
                                                     LEAVE TO AMEND, FOR FAILURE TO
11           v.                                      STATE A CLAIM UNDER SECTION 1983

12   CALIFORNIA DEPARTMENT                           (Doc. 1)
     OF CORRECTIONS., et al.,
13                                                   THIRTY-DAY DEADLINE
                         Defendants.
14   _____/

15
16                                  **Screening Order**

**I.      Screening Requirement and Standard**

17
18           Plaintiff Steve Macias, a former state prisoner proceeding pro se and in forma pauperis, filed

this civil rights action pursuant to 42 U.S.C. § 1983 on February 12, 2010.  The Court is required to
19
screen complaints brought by prisoners seeking relief against a governmental entity or an officer or
20
employee of a governmental entity.[1]  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint
21
or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail
22
to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who
23
is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any
24
portion thereof, that may have been paid, the court shall dismiss the case at any time if the court
25
determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."
26
28 U.S.C. § 1915(e)(2)(B)(ii).
27

28
            [1] Plaintiff was incarcerated when he filed suit.

1

1    A complaint must contain "a short and plain statement of the claim showing that the pleader

2    is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

3    "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

4    do not suffice," Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949 (2009) (citing Bell

5    Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required

6    to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir.

7    2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true,

8    legal conclusions are not.  Iqbal, 129 S.Ct. at 1949.

9    To state a claim, Plaintiff must demonstrate that each defendant personally participated in

10   the deprivation of his rights.  Id. at 1949.  This requires the presentation of factual allegations

11   sufficient to state a plausible claim for relief.  Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret

12   Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of

13   meeting this plausibility standard.  Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

14   **II.   Plaintiff's Complaint**

15   **A.   Summary of Claim**

16   Plaintiff brings this action against prison officials for violating his rights under the Eighth

17   Amendment of the United States Constitution when he was incarcerated at the California Substance

18   Abuse Treatment Facility and State Prison in Corcoran.  Plaintiff alleges that he is in great pain due

19   to his need for knee replacement surgery.  Plaintiff also alleges that medical staff delayed the surgery

20   for so long that he now needs a total knee replacement and he can no longer stand or walk due to

21   unbearable pain.  Plaintiff alleges that prison officials admitted that the delay caused the need for a

22   total knee replacement.

23   Plaintiff names the California Department of Corrections Medical Department, Correctional

24   Counselor M. Vella, Physician Assistants Peters and Grossi, Doctor Smith, and Chief Medical

25   Officer A. Enenmoh as defendants, and he seeks damages and injunctive relief.[2]

26

27   [2] Plaintiff must name individuals as defendants.  Neither CDC nor its Medical Department is a proper
     defendant in a section 1983 action.  Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007).
     Further, because Plaintiff is no longer incarcerated, his request for injunctive relief is moot and his remedy is limited

28   to damages.  Summers v. Earth Island Institute, 555 U.S. 488, ___, 129 S.Ct. 1142, 1149 (2009); Lujan v. Defenders

### B.   Legal Standard

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981).  A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994).  Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

### C.   Discussion

Based on Plaintiff's exhibits, he injured his knee in May 2009 and was transported to an outside hospital for treatment, at which time a doctor told him that he would need surgery on his right knee.[3]  Plaintiff filed an inmate appeal on August 10, 2009, complaining about pain and seeking to have surgery scheduled.  On February 1, 2010, Plaintiff's appeal was partially granted at the second level of review.

---

of Wildlife, 504 U.S. 555, 559-61, 112 S.Ct. 2130 (1992); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010).

[3] The exhibits Plaintiff submitted in support of his complaint are attached to his motion for leave to proceed in forma pauperis.  (Doc. 2.)

1    In that decision, Defendant Enenmoh informed Plaintiff that based on the orthopedic

2 specialist's examination of Plaintiff's knee on December 2, 2009, and more current diagnostic

3 studies, Plaintiff would need a total knee replacement rather than the arthroscopic surgery originally

4 recommended.   However, due to Plaintiff's history of stroke, he would need medical clearance

5 before undergoing an invasive procedure, and he had an appointment with his primary care provider

6 scheduled for the second week of February.[4]

7    Plaintiff's very general factual allegations are not sufficient to state a claim under the Eighth

8 Amendment.  "Deliberate indifference is a high legal standard."  Toguchi, 391 F.3d at 1060.  "Under

9 this standard, the prison official must not only 'be aware of the facts from which the inference could

10 be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the

11 inference.'"  Id. at 1057 (quoting Farmer, 511 U.S. at 837).  "'If a prison official should have been

12 aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter

13 how severe the risk.'"  Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th

14 Cir. 2002)).  Further, "[a] difference of opinion between a prisoner-patient and prison medical

15 authorities regarding treatment does not give rise to a [§] 1983 claim."  Franklin v. Oregon, 662 F.2d

16 1337, 1344 (9th Cir. 1981) (internal citation omitted).   To prevail, Plaintiff must allege facts

17 sufficient to "show that the course of treatment the doctors chose was medically unacceptable under

18 the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk

19 to plaintiff's health."   Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations

20 omitted).

21    Although Plaintiff's initial plan of care changed from arthroscopic surgery to total knee

22 replacement, there are no specific facts supporting Plaintiff's bare conclusion that the change of plan

23 occurred because the original surgery was delayed, and there are no facts linking any named

24 defendants to an act or omission suggesting deliberate indifference with respect to a delay.  Further,

25 although the needless suffering of pain can support a claim, Clement v. Gomez, 298 F.3d 898, 904

26 (9th Cir. 2002), the complaint is devoid of any facts addressing what prison officials did or did not

27

28
_____

[4] Plaintiff was released from prison at some point between February 2010 and April 2010. (Doc. 8.)

4

do with respect to treating Plaintiff's pain.  As a result, there is no support for a claim that officials

were deliberately indifferent to Plaintiff's suffering.  Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d

at 969; Farmer, 511 U.S. at 837.

**III.    Conclusion and Order**

Plaintiff's complaint fails to state a claim upon which relief may be granted under section

1983.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the

deficiencies identified by the Court in this order.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir.

2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature

of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d

605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what

each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 129

S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise

a right to relief above the speculative level. . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114

F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be

"complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an

amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand,

644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.    The Clerk's Office shall send Plaintiff a complaint form;

2.    Plaintiff's complaint, filed February 12, 2010, is dismissed for failure to state a claim

      upon which relief may be granted under section 1983;

3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an

      amended complaint; and

///

///

1    4.    If Plaintiff fails to file an amended complaint in compliance with this order, this

2         action will be dismissed, with prejudice, for failure to state a claim.

3

4  IT IS SO ORDERED.

5  **Dated:**    **May 6, 2011**                    /s/ Sheila K. Oberto
                                        UNITED STATES MAGISTRATE JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6